1  BLAKELEY LLP
   Sean J. Lowe (Bar No. 295653)
2  SLowe@blakeleyllp.com
3  Jesse M. Maxwell (Bar No. 316645)
   JMaxwell@blakeleyllp.com
4  18500 Von Karman Ave, Suite 530
   Irvine, California 92612
5  Telephone: (949) 260-0611
6  Fax: (949) 260-0613

7  Attorneys for Plaintiff
8  Lacquer Craft Hospitality, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACQUER CRAFT HOSPITALITY, INC., | Case No. 8:18–cv–01097 |
| Plaintiff, | **COMPLAINT:** |
| v. | (1) **ACTION FOR PRICE** |
| | (2) **FOR OPEN BOOK ACCOUNT** |
| ANAHEIM DESERT INN & SUITES LP and DI ANAHEIM GP, INC., | (3) **FOR ACCOUNT STATED** |
| | (4) **FOR RESTITUTION/ QUASI-CONTRACT** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Lacquer Craft Hospitality, Inc. ("LCH") for its complaint against defendants Anaheim Desert Inn & Suites LP ("Desert Inn") and DI Anaheim GP, Inc., ("Anaheim GP," and collectively with Desert Inn, the "Defendants") alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a collection action by LCH for the price of goods it sold to Desert Inn. Desert Inn failed to pay for the goods and LCH is entitled to judgment under the California Uniform Commercial Code ("U.C.C.") and on its open book account claim or, alternatively, for account stated or restitution.

## THE PARTIES

2. LCH is a North Carolina corporation headquartered in High Point, North Carolina.

3. Desert Inn is a California limited partnership headquartered in San Diego, California.

4. Anaheim GP is a California corporation headquartered in Anaheim, California and is the general partner of Desert Inn.

## JURISDICTION AND VENUE

5. The Court has jurisdiction of this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists.

6. Jurisdiction over Desert Inn is proper because its principal place of business is in California and it is a California limited partnership.

7. None of Desert Inn's limited partners are citizens of North Carolina.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Desert Inn resides in this District. In addition, a substantial part of the events giving rise to the action occurred in this District.

///

## FACTUAL ALLEGATIONS

9. Plaintiff LCH is a furniture wholesaler. Defendant Desert Inn operates a hotel across the street from Disneyland at 1600 South Harbor Boulevard Anaheim, California.

10. Desert Inn ordered furniture from LCH for its hotel under Acknowledgement No. 9742 (the "First Order").

11. On around August 11, 2017, LCH invoiced Desert Inn $8,387.26 for the First Order.

12. Desert Inn issued a check for $2,153.00 to LCH on March 14, 2018, for the First Order.

13. LCH shipped the First Order to Desert Inn.

14. Desert Inn received the First Order.

15. Pursuant to LCH's payment terms, a payment of $6,234.26 for the balance of the First Order was due on September 10, 2017.

16. Desert Inn placed a second order for furniture for its hotel under Acknowledgment No. 9929 (the "Second Order").

17. On around December 29, 2017, LCH invoiced Desert Inn $477,055.58 for the Second Order.

18. Pursuant to LCH's payment terms, on around December 29, 2017, Desert Inn issued a check for $221,500.00 to LCH as a deposit for the Second Order.

19. LCH then shipped the Second Order to Desert Inn.

20. Desert Inn received the Second Order.

21. Pursuant to LCH's payment terms, a payment of $255,555.58 for the balance of the Second Order was due on January 28, 2018.

22. A statement of account identifying the invoices (the "Invoices") for the First Order and Second Order (collectively, the "Goods") is attached as Exhibit 1.

23. The Goods were duly delivered as requested by Desert Inn.

24. Desert Inn and its designees accepted delivery of the Goods.

25. Desert Inn did not reject the Goods.

26. Desert Inn did not validly revoke its acceptance of the Goods.

27. Desert Inn did not timely notify LCH of any disputes about the quality of the Goods.

28. Desert Inn received the Invoices.

29. Desert Inn did not object to the Invoices.

30. Desert Inn has failed to pay the Invoices.

31. Desert Inn is liable to LCH in an amount to be determined at trial but in no event less than $261,789.84 plus interest on the Invoices at the rate of 18% per annum in accordance with the LCH's terms of credit or, alternatively, 10% per annum under Cal. Civ. Code § 3289(b).

## COUNT I

### (Action for the Price)

32. LCH repeats and realleges the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

33. Desert Inn and its designees accepted delivery of the Goods.

34. Desert Inn never rejected the Goods.

35. Desert Inn never validly revoked its acceptance of the Goods.

36. LCH is entitled to damages against Desert Inn in an amount to be determined at trial but in no event less than $261,789.84 plus interest on the Invoices at the rate of 18% per annum in accordance with the LCH's terms of credit or, alternatively, 10% per annum under Cal. Civ. Code § 3289(b).

## COUNT II

### (Open Book Account)

37. LCH repeats and realleges the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

38. In the ordinary course of business, LCH maintained a statement of account detailing the debits and credits arising out of its transactions with Desert Inn.

39. LCH's statement of account sufficiently states charges against Desert Inn and in favor of LCH so that the amount owed to LCH can be determined from it.

40. LCH has established an open book account against Desert Inn for an amount to be determined at trial but in no event less than $261,789.84 plus interest on the Invoices at the rate of 18% per annum in accordance with the LCH's terms of credit or, alternatively, 10% per annum under Cal. Civ. Code § 3289(b).

## COUNT III

### (Account Stated)

41. LCH repeats and realleges the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

42. Contemporaneous with the delivery of the Goods, LCH submitted the Invoices to Desert Inn setting forth the balance owed to LCH.

43. Desert Inn retained the aforementioned invoices without objection.

44. Desert Inn impliedly acknowledged the correctness of the balance owed for the Goods.

45. LCH has stated an account against Desert Inn for an amount to be determined at trial but in no event less than $261,789.84 plus interest on the Invoices at the rate of 18% per annum in accordance with the LCH's terms of credit or, alternatively, 10% per annum under Cal. Civ. Code § 3289(b).

## COUNT IV

### (Restitution/*Quasi*-Contract)

46. LCH repeats and re-alleges each of the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

47. LCH conferred a benefit on Desert Inn by providing Desert Inn with the Goods at Desert Inn's request.

48. Desert Inn would be unjustly enriched if it is permitted to retain the value of the Goods without paying for them.

49. LCH is entitled to damages against Desert Inn in an amount to be

determined at trial but in no event less than $261,789.84, plus interest on the Invoices at the rate of 10% per annum under Cal. Civ. Code § 3289(b).

## PRAYER FOR RELIEF

WHEREFORE, LCH prays for a judgment against the defendant as follows:

A.  For damages in an amount to be determined at trial but in no event less than $261,789.84 plus interest on the Invoices at the rate of 18% per annum in accordance with the LCH's terms of credit or, alternatively, 10% per annum under Cal. Civ. Code § 3289(b);

B.  For LCH's attorneys' fees and costs incurred; and

C.  For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: June 20, 2018                    BLAKELEY LLP

By: */s/ Sean J. Lowe*
    Sean J. Lowe
    Jesse M. Maxwell

    Attorneys for Plaintiff
    Lacquer Craft Hospitality, Inc.

**DEMAND FOR JURY TRIAL**

Under Rule 38(b) of the Federal Rules of Civil Procedure, LCH demands a trial by jury of all issues triable to a jury.

Dated: June 20, 2018               BLAKELEY LLP

                          By: */s/ Sean J. Lowe*
                              Sean J. Lowe
                              Jesse M. Maxwell

                              Attorneys for Plaintiff
                              Lacquer Craft Hospitality, Inc.

6